JS-6

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-09929 BRO (RAOx) | Date | October 26, 2016 |
|---|---|---|---|
| Title | MELISSA FERRICK, ET AL V. SPOTIFY USA INC. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**    (IN CHAMBERS)

**ORDER RE DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK [83]**

## I.    INTRODUCTION

Pending before the court is Defendant Spotify USA Inc.'s ("Defendant") Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, to Transfer Venue to the Southern District of New York.  (Dkt. No. 83 (hereinafter, "Mot.").)  After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **GRANTS** Defendant's Motion to Transfer Venue.[1]

## II.    PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs Melissa Ferrick, Jaco Pastorius, Inc. ("Pastorius"), and Gerencia 360 Publishing, Inc. ("Gerencia") (collectively, "Plaintiffs") are the named plaintiffs in a class

---

[1] The Court "need not resolve a motion to dismiss for lack of personal jurisdiction before deciding whether to transfer the case to another district under 28 U.S.C. § 1404."  *Halvorson v. Solaroad Techs. Grp., LLC*, No. C11-333Z, 2011 WL 1837748, at *2 (W.D. Wash. May 12, 2011) (citing *Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 n.4 (9th Cir. 1983)).  As the Court grants Defendant's Motion to Transfer Venue, the Court does not reach Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.  In addition, the Court does not decide Defendant's Motion to Strike Class Allegations and will, instead, allow the transferee court to decide that Motion.  (*See* Dkt. No. 84.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-09929 BRO (RAOx) | Date | October 26, 2016 |
|---|---|---|---|
| Title | **MELISSA FERRICK, ET AL V. SPOTIFY USA INC.** | | |

action lawsuit against Defendant. (*See* Dkt. No. 75 (hereinafter, "Consol. Compl.").) Ferrick is a resident of Newburyport, Massachusetts and is a singer-songwriter who has released seventeen albums. (*Id.* ¶ 8.) Pastorius is a Florida corporation that owns the rights to Jaco Pastorius's ("Jaco") songs.[2] (*Id.* ¶ 9.) Jaco was an jazz bass guitarist who released over fifteen solo albums during his career. (*Id.*) Gerencia, a California music publishing corporation with its principal place of business in Downey, California, is involved in the regional Mexican music industry. (*Id.* ¶ 10.) Defendant is a Delaware corporation with its principal place of business in New York, New York. (*Id.* ¶ 12.) Defendant owns and operates a subscription-based music streaming service that users primarily access at www.spotify.com.[3] (*Id.*)

Plaintiffs allege that Defendant's subscribers have streamed Plaintiffs' songs through Defendant's service over one million times. (*Id.* ¶¶ 8–11.) Plaintiffs claim that they are the registered copyright owners of their songs and that Defendant has violated their rights by streaming their music without obtaining a direct or a compulsory license for the songs. (*Id.* ¶¶ 42–46; *see also* Dkt. Nos. 75-1, 75-2, 75-3.) As a result, Plaintiffs claim that Defendant has committed copyright infringement by using its services to stream Plaintiffs' music. (Consol. Compl. ¶ 47.)

Accordingly, on December 28, 2015, Plaintiff David Lowery, a resident of Georgia, filed a class action complaint against Defendant in this Court alleging copyright infringement. (*See* Dkt. No. 1.) On January 8, 2016, Ferrick filed another similar class action in this district also against Defendant. (*See Melissa Ferrick v. Spotify USA Inc., et al.*, No. 16-cv-00180-BRO-RAO, ECF No. 1.) On January 8, 2016, Ferrick filed a Notice of Related Case in regards to the *Lowery* action, (*see Ferrick*, No. 16-cv-00180-BRO-RAO, ECF. No. 6), and on February 18, 2016, the *Ferrick* action was transferred to this Court, (*see Ferrick*, No. 16-cv-00180-BRO-RAO, ECF No. 19). Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue on February 12, 2016, in the *Lowery* action, (*see* Dkt. No. 25), and filed an

---

[2] Pastorius was formed in 1995 after Jaco passed away. (Consol. Compl. ¶ 9.)

[3] However, Defendant does have an office in Los Angeles, California that handles advertising sales, product design, and engineering. (Mot. at 12.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-09929 BRO (RAOx) | Date | October 26, 2016 |
|---|---|---|---|
| Title | **MELISSA FERRICK, ET AL V. SPOTIFY USA INC.** | | |

equivalent Motion in the *Ferrick* action on March 2, 2016, (*see Ferrick*, No. 16-cv-00180-BRO-RAO, ECF No. 36).

On March 7, 2016, Lowery filed his First Amended Complaint, which added named Plaintiffs Victor Krummenacher, Greg Lisher, and David Faragher.  (*See* Dkt. No. 39.)  On March 14, 2016, Plaintiff Ferrick filed her First Amended Complaint and added Pastorius as a named plaintiff.  (*See Ferrick*, No. 16-cv-00180-BRO-RAO, ECF No. 39.)  On April 18, 2016, Lowery filed a Motion to Consolidate the *Lowery* and *Ferrick* actions, (*see* Dkt. No. 47), which the Court granted on May 23, 2016, (*see* Dkt. No. 72).  The Court consolidated the actions into the *Lowery* proceeding and administratively closed the *Ferrick* action.  (Dkt. No. 72 at 10.)

On June 27, 2016, Plaintiffs filed a Consolidated Complaint.  (*See* Consol. Compl.)  The Consolidated Complaint added Gerencia as a plaintiff for the first time and named Ferrick, Pastorius, and Gerencia as the class representatives.  (*See id.*)  As a result of the consolidation, Plaintiffs Lowery, Krummenacher, Lisher, and Faragher were dismissed without prejudice from the consolidated action.  (*See* Dkt. No. 87.)

Defendant filed the instant Motion to Dismiss for Lack of Personal Jurisdiction, or, in the Alternative, to Transfer Venue to the Southern District of New York on August 8, 2016.  (*See* Mot.)  Plaintiffs filed their Opposition on September 21, 2016.  (*See* Dkt. No. 94 (hereinafter, "Opp'n").)  On October 14, 2016, Defendant replied.  (*See* Dkt. No. 107 (hereinafter, "Reply").)

### III.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." On a motion to transfer venue, "[t]he burden is on the moving party to establish that a transfer would allow a case to proceed more conveniently and better serve the interests of justice." *Amini Innovation Corp. v. JS Imps., Inc.*, 497 F. Supp. 2d 1093, 1109 (C.D. Cal. 2007). "A court ruling on a motion to transfer must balance the convenience of parties and witnesses, and the interests of justice." *Pfeiffer v. Himax Techs., Inc.*, 530 F. Supp. 2d 1121, 1123 (C.D. Cal. 2008) (citing 28 U.S.C. § 1404(a)).

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-09929 BRO (RAOx) | Date | October 26, 2016 |
|---|---|---|---|
| Title | MELISSA FERRICK, ET AL V. SPOTIFY USA INC. | | |

In analyzing the "interests of justice" involved, a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of the compulsory process to compel attendance of unwilling non-party witnesses; and, (8) the ease of access to sources of proof (collectively, "*Jones* Factors"). *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Sharma v. Globalfoundries U.S., Inc.*, No. 5:15-CV-03631-EJD, 2016 WL 2742399, at *1 (N.D. Cal. May 11, 2016) (citation omitted).

## IV. DISCUSSION

### A. Plaintiffs Could Have Brought the Action in the Southern District of New York

Courts analyzing transfers pursuant to § 1404(a) must first assess whether the action "might have been brought" in the requested venue. 28 U.S.C. § 1404. Thus, the Southern District of New York must have proper subject matter jurisdiction and Defendant must be subject to personal jurisdiction there. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (finding that Plaintiff must have a right, "independently of the wishes of defendant," to sue in the district wherein the defendant seeks to transfer the case).

#### 1. The Southern District of New York Has Subject Matter Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under" the laws of the United States. 28 U.S.C. § 1331. Here, Plaintiffs' only cause of action arises under the Copyright Act of 1976, 17 U.S.C. § 106. (*See* Consol. Compl. ¶¶ 37–51.) Because the Plaintiffs' action arises under federal law, the Court finds that the Southern District of New York has original subject matter jurisdiction over the action pursuant to § 1331.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-09929 BRO (RAOx) | Date | October 26, 2016 |
|---|---|---|---|
| Title | **MELISSA FERRICK, ET AL V. SPOTIFY USA INC.** | | |

### 2. The Southern District of New York Has Personal Jurisdiction

A state may exercise personal jurisdiction over a defendant based on either general or specific jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). For a corporate defendant, general jurisdiction arises when a corporation's affiliations with the forum state "are so 'continuous and systematic' as to render them essentially at home in the forum." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. State of Wash. Office of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945)). Thus, "the paradigm forum for the exercise of general jurisdiction . . . for a corporation" is the place of incorporation or principal place of business. *Id.* at 924 (citation omitted). "In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Id.* at 919 (citation omitted). Here, Defendant's principal place of business is New York, New York, (Consol. Compl. ¶ 12), which is in the Southern District of New York. As such, the Court finds that the Southern District of New York has general personal jurisdiction over the Defendant.

### 3. Venue is Proper in the Southern District of New York

"A civil action may be brought in a judicial district in which any defendant resides," and a corporation resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b)(1), (c)(2). As discussed above the Southern District of New York has personal jurisdiction over Defendant. Therefore, the Court finds that venue is proper in the Southern District of New York under § 1391.

### B. The *Jones* Factors

#### 1. Location Where Relevant Agreements Were Negotiated and Executed

The parties agree that there are not any relevant agreements that were negotiated or executed related to this action. (*See* Consol. Compl.; Opp'n at 22.) Therefore, this factor does not apply to the Court's analysis.

Case 2:15-cv-09929-BRO-RAO Document 114 Filed 10/26/16 Page 6 of 11 Page ID #:3011

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-09929 BRO (RAOx) | Date | October 26, 2016 |
|---|---|---|---|
| Title | MELISSA FERRICK, ET AL V. SPOTIFY USA INC. | | |

### 2. The State that is Most Familiar with the Governing Law

Plaintiffs' only cause of action in their Consolidated Complaint is a federal copyright claim. All federal courts "are equally capable of applying federal law." *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1133 (C.D. Cal. 2009). Moreover, "[the Southern District of New York] and the Central District of California are familiar with federal copyright law and have substantial experience applying it." *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 551 (S.D.N.Y. 2008). Therefore, as neither venue is more familiar with the governing federal law, the Court finds that this factor does not favor either venue.

### 3. The Plaintiff's Choice of Forum

A plaintiff's choice of forum is generally accorded deference, unless the plaintiff elects to pursue a case outside their home forum, *Allstar Mktg. Grp.*, 666 F. Supp. 2d at 1131, or the named plaintiff represents a class, *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Further, "[i]f there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). The Plaintiffs here seek to represent a class, (*see* Consol. Compl.); accordingly, the Court accords Plaintiffs' choice of forum less deference. *See Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013) ("Though generally, a plaintiff's choice of forum receives deference in a motion to transfer venue . . . , in class actions, a plaintiff's choice of forum is often accorded les weight."); *Metz v. U.S. Life Ins. Co. in City of N.Y.*, 674 F. Supp. 2d 1141, 1149 (C.D. Cal. 2009) (granting plaintiffs' choice of forum less deference in a class action). "As deference accorded to a plaintiff's choice of forum decreases, defendant's burden to upset the plaintiff's choice of forum also decreases." *Hendricks v. StarKist Co.*, No. 13-cv-729 YGR, 2014 WL 1245880, at *2 (N.D. Cal. Mar. 25, 2014).

In addition, the Court finds that there is evidence of forum shopping in this case. Until Plaintiffs filed their Consolidated Complaint, Ferrick's action did not include a California Plaintiff, (*see Ferrick*, No. 16-cv-00180-BRO-RAO, ECF Nos. 1, 39), and she is pursuing the case outside of her home forum, (Consol. Compl. ¶ 8). Plaintiffs did not include Gerencia—the only California plaintiff—in this proceeding until after the Defendant had already moved to transfer the case. (*See* Reply at 7.) The Court finds that

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-09929 BRO (RAOx) | Date | October 26, 2016 |
|---|---|---|---|
| Title | **MELISSA FERRICK, ET AL V. SPOTIFY USA INC.** | | |

this late addition of Gerencia—particularly as Plaintiffs added Gerencia after Defendant had already placed them on notice of its desire to transfer the proceeding—as a named plaintiff in what appears to be an attempt to cure improper venue creates, at the very least, a concern that Plaintiffs may be engaged in forum shopping. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) ("If there is *any indication* that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference." (emphasis added)); *see also Forrand v. Fed. Exp. Corp.*, No. C07-4674 TEH, 2008 WL 276389, at *3 (N.D. Cal. Jan. 31, 2008) (finding evidence of forum shopping where plaintiffs' counsel filed a second duplicative class action in a different forum following an adverse ruling in the first class action); *Foster v. Nationwide Mut. Ins. Co.*, No. C 07-04928 SI, 2007 WL 4410408, at *3 (N.D Cal. Dec. 14, 2007) ("[F]orum shopping can be inferred here based on plaintiffs' apparent eagerness to have their case tried in the Northern District [of California] rather than in the Eastern District or in Arkansas, where the lead plaintiffs reside.").

Because the Court finds that the named plaintiffs represent a class and there is some indication of forum shopping, the Court accords Plaintiffs' choice of forum no deference in this case.

### 4.     The Parties Contacts with the Forum

Plaintiffs contend that the parties have significant contacts with the forum, and therefore, this factor favors denying the motion. (Opp'n at 19.) However, only one named plaintiff, Gerencia, has significant ties to the Central District of California, (Consol. Compl. ¶ 10), and, as noted above, it was not included in this action until after Defendant had already moved to transfer the case, (Reply at 7). Ferrick, a Massachusetts resident, was the only named plaintiff when the case was filed in this district and when Defendant first moved to transfer the case. (*See Ferrick*, No. 16-cv-00180-BRO-RAO, ECF No. 36.) However, even considering Gerencia's residence in the Los Angeles area, the Court finds that Defendant also has limited contacts in this district. Though, as Plaintiffs note, Defendant has an office here, (Opp'n at 20), Defendant's principal office is in New York, and Defendant's mechanical licensing work (which is the primary business department implicated in Plaintiffs' Consolidated Complaint) is handled in New York—not Los Angeles. (Mot. at 16, 17.) Therefore, the Court finds that while both Plaintiffs and Defendant have some contact with this District, because these contacts are

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-09929 BRO (RAOx)** | Date | October 26, 2016 |
|---|---|---|---|
| Title | **MELISSA FERRICK, ET AL V. SPOTIFY USA INC.** | | |

minimal and, again, may be the result of Plaintiffs' forum shopping, this factor weighs only slightly in favor of not transferring the action.

> **5. Contacts Relating to the Plaintiff's Cause of Action in the Chosen Forum**
>
> **a. Plaintiffs' Cause of Action has Minimal Ties to the Central District**

Defendant contends that the Plaintiffs' copyright infringement claim has minimal ties to the Central District but has significant ties to the Southern District of New York. (*Id.* at 17.) According to Defendant, none of its California employees are knowledgeable about mechanical licensing or royalty payments—the central conduct at issue in Plaintiffs' Consolidated Complaint. (*Id.* at 18; *see also* Consol. Compl. ¶¶ 1–8.) Rather, Defendant's California offices[4] handle primarily advertising sales, product design, and engineering, (*id.* at 12), and all current or former employees who handle mechanical licensing live in New York, (*id.* at 17–18). Plaintiffs allege that because Defendant's product is used in this district and one named plaintiff is in this district, there are sufficient contacts. (Opp'n at 23.) However, the Court finds that the cause of action has minimal ties to this district because Defendant's mechanical licensing activities occur primarily in New York.

> **b. Witness Convenience**

"The convenience of the witnesses is usually the most important factor to consider in deciding whether to transfer an action." *In re Yahoo! Inc.*, CV 07-3125-CAS (FMOX), 2008 WL 707405, at *3 (C.D. Cal. Mar. 10, 2008); *accord Burke v. USF Reddaway, Inc.*, 2:12-CV-02641-KJM, 2013 WL 85428, at *4 (E.D. Cal. Jan. 8, 2013) ("It is axiomatic that convenience of nonparty witnesses is frequently the most important factor in the section 1404(a) calculus."); *Lipnick v. United Air Lines, Inc.*, C 11-2028 CW, 2011 WL 4026647, at *2 (N.D. Cal. Sept. 9, 2011) ("Courts in this district have called the convenience of witnesses often the most important factor in deciding whether to transfer

---

[4] Defendant also has a San Francisco office located within the Northern District of California. (Mot. at 12.) This office, however, provides no support for the proposition that venue is appropriate in this district.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-09929 BRO (RAOx)** | Date | October 26, 2016 |
|---|---|---|---|
| Title | **MELISSA FERRICK, ET AL V. SPOTIFY USA INC.** | | |

an action." (quoting *Getz v. Boeing Co.*, 547 F. Supp. 2d 1080, 1083 (N.D. Cal. 2008))). Here, Defendant contends that all of its employees who would be witnesses and all of the relevant non-party witnesses in this case reside in New York. (Mot. at 19–20.) For instance, the non-party witnesses include employees of the Harry Fox Agency, who will likely be required to provide evidence in this case because they perform the music licensing services for Defendant, and Plaintiffs contend that Defendant streamed their songs without licensing. (*Id.* at 20.) Plaintiffs, on the other hand, contend that California is more convenient for their witnesses, particularly as one Plaintiff is located in California. (Opp'n at 21–22.) The Court "accords less weight to the inconvenience of *party* witnesses, however, as they can be compelled to testify regardless of the forum in which the lawsuit is ultimately litigated." *Allstar Mktg. Grp.*, 666 F. Supp. 2d at 1132. Plaintiff also contends that third party witnesses from the National Music Publishers Association in Washington, D.C., and InGrooves, based in San Francisco, California, may be required to testify. (Opp'n at 21.) Still, it would appear that the Southern District of New York would be a more convenient venue for any witnesses from National Music Publishers Association, and, even though InGrooves is located on the West Coast, as no party has identified any specific witnesses from either company, it appears that the majority of witnesses will find the Southern District of New York a more convenient venue. Therefore, the Court finds that this factor strongly favors transfer of venue because the Southern District of New York is more convenient to the non-party witnesses.

### 6. The Difference in Costs Between the Two Forums

"[W]here a disparity between the parties exists, such as an individual plaintiff suing a large corporation, the court may also consider the relative means of the parties in determining whether to transfer." *Allstar Mktg. Grp.*, 666 F. Supp. 2d at 1132 (quoting *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 989 (E.D.N.Y. 1991)). Here, the named plaintiffs are one individual and two small companies, (Consol. Compl. ¶¶ 8–10), while the Defendant is a large corporation with significant resources, (Opp'n at 24). Plaintiffs contend that because Defendant is a large corporation with greater resources, it is better suited than Gerencia to absorb the costs of inconvenient litigation. (*Id.*) The Court agrees. Because Defendant is in a better position to absorb the costs of litigation, the Court finds that this factor favors denying the motion to transfer venue.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-09929 BRO (RAOx) | Date | October 26, 2016 |
|---|---|---|---|
| Title | MELISSA FERRICK, ET AL V. SPOTIFY USA INC. | | |

### 7. The Availability of the Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses

Whether witnesses are within the subpoena power of the court under Federal Rule of Civil Procedure 45 is a factor in considering whether to transfer a lawsuit.[5] *United States v. One Oil Painting Entitled Femme en Blanc by Pablo Picasso*, 362 F. Supp. 2d 1175, 1185–86 (C.D. Cal. 2005); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1165–66 (S.D. Cal. 2005). Although neither party has identified specific witnesses that the Court would need to compel, (Opp'n at 24), Defendant has identified non-party witnesses that reside within the Southern District of New York's subpoena power, (Mot. at 19–22). Moreover, neither Plaintiffs nor Defendant have identified non-party witnesses that are within this Court's subpoena power. (*See* Mot.; Opp'n; Reply.) Thus, as the only known non-party witnesses at this stage are located in the Southern District of New York, this factor favors transfer to the Southern District of New York.

### 8. Ease of Access to Sources of Proof

"[T]he ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations." *Szegedy v. Keystone Food Prods., Inc.*, No. CV 08-5369 CAS, 2009 WL 2767683, at *6 (C.D. Cal. Aug. 26, 2009). Defendant claims that the important witnesses and any associated documentary evidence are in New York, which favors transferring venue, (Mot. at 18), while Plaintiffs contend that these documents are just as accessible in California because Defendant is an Internet-based company, (Opp'n at 25). As such, because the witnesses are in New York, the Court finds that New York allows

---

[5] A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (a) Within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (b) Within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) Is a party or a party's officer; or
      (ii) Is commanded to attend a trial and would not incur substantial expense.
Fed. R. Civ. P. 45(c).

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-09929 BRO (RAOx) | Date | October 26, 2016 |
|---|---|---|---|
| Title | MELISSA FERRICK, ET AL V. SPOTIFY USA INC. | | |

for easier access to documents than does California, though this factor carries little weight.

### 9. Weighing the Factors

Therefore, the Court finds that the first two factors either do not apply to the Court's analysis or favor neither party. The second and third factors slightly favor and the sixth factor more clearly favors not transferring the action. The fifth factor is the most important factor, however, and it heavily favors transfer to the Southern District of New York. In addition, the seventh and eighth factors weigh in favor of transfer. Therefore, weighing all the *Jones* factors, the Court finds that they weigh in favor of transfer. Accordingly, the Court **GRANTS** Defendant's Motion to Transfer Venue.

## V. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Transfer Venue to the Southern District of New York. Defendant is **ORDERED** to re-notice its Motion to Strike Class Allegations for hearing if it wishes to have it heard it upon transfer.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | rf | |